IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZITOVAULT, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-cv-0962-M |
| | § | |
| INTERNATIONAL BUSINESS | § | |
| MACHINES CORPORATION and | § | |
| SOFTLAYER TECHNOLOGIES, INC., | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is Plaintiff's Motion for Summary Judgment and to Limit Discovery. (ECF No. 76). For the reasons stated below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. Factual and Procedural Background

Plaintiff ZitoVault, LLC sued Defendants International Business Machines Corporation and Softlayer Technologies, Inc. for infringing U.S. Patent No. 6,484,257 ("the '257 patent"). The patent relates to the "encryption and decryption of data conducted over a distributed computer network." *See* '257 patent at 1:9-12.

After the case was filed, the patent was subject to two *inter partes* review ("IPR") proceedings. In response to Amazon.com, Inc.'s petition, the Patent Trial and Appeal Board ("PTAB") instituted IPR as to Claims 1, 3, 5-8, and 10. *See Amazon.com, Inc. et al. v. ZitoVault, LLC*, IPR2016-00021, Paper No. 40 (P.T.A.B. Apr. 11, 2017). Defendants thereafter filed a substantially identical petition and requested joinder to Amazon's IPR, which the PTAB granted pursuant to 35 U.S.C. § 315(c). *See Int'l Bus. Machines Corp. v. ZitoVault, LLC*, IPR2016-

1

01025, Paper No. 7, at 5-6 (P.T.A.B. Aug. 29, 2016). In its final decision, the PTAB decided not to invalidate any claims. *Amazon*, IPR2016-00021, Paper No. 40, at 1-2.

During the pendency of Amazon's IPR, Defendants again petitioned for review of the '257 patent based on different prior art references. *See Int'l Bus. Machines Corp. v. ZitoVault, LLC*, IPR2016-01851, Paper No. 7, at 2 (P.T.A.B. Mar. 20, 2017). The PTAB, however, did not institute IPR on that petition. *Id.*

Plaintiff now moves for summary judgment on Defendants' entire invalidity defense under common law issue preclusion. (Pl. Br. at 3, ECF No. 77). In the alternative, Plaintiff asserts that under 35 U.S.C. § 315(e), Defendants are statutorily estopped from arguing that the '257 patent is invalid as anticipated or obvious. (*Id.* at 9-10). Plaintiff also moves to limit the scope of Defendants' discovery to "non-estopped theories charted in [Defendants'] invalidity contentions." (*Id.* at 17).

## II. Motion for Summary Judgment

### a. Legal Standard

Summary judgment is appropriate if the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A dispute of a material fact is genuine if a reasonable jury viewing the evidence could reach a verdict in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the initial burden of showing the absence of evidence to support the nonmovant's claims. *Celotex*, 477 U.S. at 325. Once the movant satisfies this initial burden, the burden shifts to the nonmovant to show that summary judgment is not proper. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). To carry this burden, the nonmovant must designate specific facts in the record to show the existence of a

genuine issue of material fact. *Celotex*, 477 U.S. at 325. All evidence and inferences must be viewed in the light most favorable to the nonmovant. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

    **b. Analysis**

        **i. Whether Common Law Issue Preclusion Bars Defendants' Entire Invalidity Defense**

Issue preclusion[1] is an equitable doctrine which should be "applied only when the alignment of the parties and the legal and factual issues raised warrant it." *Copeland v. Merrill Lynch & Co.*, 47 F.3d 1415, 1423 (5th Cir. 1995). To preclude litigation of an issue, a party must show that: "(1) the issue at stake must be identical to the one involved in the prior action, (2) the issue must have been actually litigated in the prior action, and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action." *See Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 250 (5th Cir. 1999). Moreover, the legal standard "used to assess the issue must be the same in both proceedings." *Id.*; *see also Brister v. A.W.I., Inc.*, 946 F.2d 350, 354 (5th Cir. 1991) ("Not only the facts, but also the legal standard used to assess them, must be identical."). An agency decision can ground issue preclusion so long as the ordinary requirements are met. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1297 (2015).

Plaintiff emphasizes that patent validity is a single issue for preclusion purposes. *See, e.g.*, *Astrazeneca UK Ltd. v. Watson Labs., Inc. (NV)*, 905 F. Supp. 2d 596, 602 (D. Del. 2012) (finding that because the defendant sought to invalidate the patent under theories of obviousness and improper reissue in a previous litigation, it is precluded from pursuing other theories of invalidity); *Crossroads Sys. (Texas), Inc. v. Dot Hill Sys. Corp.*, 2006 WL 1544621, at *5 (W.D.

---

[1] Because Plaintiff does not raise substantive issues of patent law, the Court applies the law of the Fifth Circuit. *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

Tex. May 31, 2006). Because the PTAB during the IPR held that the '257 patent was not invalid, even though only on obviousness and anticipation grounds, Plaintiff argues that issue preclusion bars Defendants' entire invalidity defenses. (Pl. Br. at 7).

Issue preclusion is not applicable here. Even if patent validity is a single issue for preclusion purposes, the legal standard used to assess validity is not the same between IPR proceedings and district court litigation. The IPR is strictly limited to grounds "that could be raised under section 102 [anticipation] or 103 [obviousness] and only on the basis of prior art consisting of patents or printed publications." *See* 35 U.S.C. § 311(b). There are no such restrictions in district courts.[2] *See also Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1316 (Fed. Cir. 2016), *overruled on other grounds by Aqua Prod., Inc. v. Matal*, 872 F.3d 1290 (Fed. Cir. 2017) ("Inter partes review cannot replace the district court in all instances, for example, when claims are challenged in district court as invalid based on the on-sale bar, for claiming patent-ineligible subject matter, or on grounds of indefiniteness."); *B&B Hardware*, 135 S. Ct. at 1309 (applying issue preclusion grounded in an agency decision partly because the agency's procedures were in material part "exactly the same as in federal court").

Indeed, every case cited by Plaintiff to support issue preclusion involved a defendant estopped from raising some ground of invalidity that the defendant could have raised in an earlier proceeding. *See, e.g.*, *Evonik Degussa GmbH v. Materia Inc.*, 53 F. Supp. 3d 778, 793-34 (D. Del. 2014) (noting that the defendant had the option to raise a prior art challenge, but only asserted indefiniteness challenge in the earlier proceeding). Accordingly, because Defendants could not have raised all of the invalidity defenses in the IPR, common law issue preclusion does not bar Defendants' entire invalidity defense.

---

[2] The standard of proof used by the PTAB during IPR is also different from that used by district courts. *Compare* 35 U.S.C. § 316(e) ("In an inter partes review instituted under this chapter, the petitioner shall have the burden of proving a proposition of unpatentability by a preponderance of the evidence.") *with Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 91(2011) (holding that "invalidity defenses [are] to be proved by clear and convincing evidence").

### ii. Whether 35 U.S.C. 315(e)(2) Bars Any Defense Based on Anticipation or Obviousness

35 U.S.C. § 315(e)(2) provides:

> The petitioner in an inter partes review of a claim in a patent . . . that results in a final written decision . . . may not assert . . . in a civil action that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

This provision only applies to grounds that a party raised or reasonably could have raised during an IPR, that resulted in a final decision. *See Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016); *HP Inc. v. MPHJ Tech. Inv.*, LLC, 817 F.3d 1339, 1347 (Fed. Cir. 2016). Plaintiff argues that Defendants are statutorily estopped from arguing anticipation or obviousness based on prior art patents and publications that they were aware of before joining Amazon's IPR.[3]

In Amazon's IPR, the PTAB instituted review of Claims 1, 3, 5-8, and 10 of the '257 patent, based on three references.[4] *See Amazon*, IPR2016-00021, Paper No. 40, at 2. When requesting joinder, Defendants did not raise any of the additional prior art patents and publications already identified in their invalidity contentions in this case. Defendants respond that because the "PTAB routinely denies joinder if a second-filed petition might introduce new arguments or grounds into a pending IPR," the only grounds that Defendants "reasonably could have raised in the Amazon IPR were the same grounds on which the PTAB already instituted the Amazon IPR." (Def. Resp. at 13, ECF No. 87).

Contrary to Defendants' arguments, there is no "mirror image" rule for joinder. The PTAB has noted that requests for joinder can involve petitions that assert different grounds of

---

[3] Because the PTAB declined to institute IPR as to Defendants' second petition, the estoppel provision does not apply to it. *See* 35 U.S.C. 315(e)(2) (applying the provision only to "inter partes review of a claim . . . that results in a final written decision").

[4] The three references are Feinberg [U.S. Patent No. 6,065,046], Bhaskaran [U.S. Patent No. 6,266,355], and Molva [Refik Molva, et al., *Authentication of Mobile Users*, 8 IEEE NETWORK, 26–34 (March/April 1994)].

invalidity. *See Ariosa Diag. v. Isis Innovation Ltd.*, IPR2012–00022, Paper No. 104, at 4–5 (PTAB Oct. 31, 2013) (granting a request for joinder despite the fact that the new petition asserted new invalidity arguments); *Samsung Elecs. Co. v. Virgina Innovation Scis., Inc.*, Case IPR2014-00557, Paper No. 10, at 16-17 (PTAB June 13, 2014); *Microsoft Corp. v. Proxyconn, Inc.*, IPR2013-00109, Paper No. 15, at (PTAB Feb. 24, 2013). In fact, the PTAB has consistently emphasized that joinder is discretionary, and whether the petition asserts new grounds is just one of the factors considered. *See Sony Corp. v. Yissum Research Dev. Co. of the Hebrew Univ. of Jerusalem*, IPR2013-00327, Paper No. 15, at 3 (PTAB Sept. 24, 2013) ("A motion for joinder should: (1) set forth the reasons why joinder is appropriate; (2) identify any new grounds of unpatentability asserted in the petition; (3) explain what impact (if any) joinder would have on the trial schedule for the existing review; and (4) address specifically how briefing and discovery may be simplified.").

Defendants thus could have reasonably sought to raise the prior art patents and publications discussed in their invalidity contentions. Allowing Defendants to raise arguments here that they elected not to raise during the Amazon IPR would give them "a second bite at the apple and allow it to reap the benefits of the IPR without the downside of meaningful estoppel." *See Parallel Networks Licensing, LLC v. Int'l Bus. Machines Corp.*, 2017 WL 1045912, at *12 (D. Del. Feb. 22, 2017) (concluding that notwithstanding joinder, the defendant is estopped from asserting prior art references and combinations that it reasonably could have raised); *see also Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, 2017 WL 4856473, at *2 (E.D. Tex. Oct. 27, 2017) (same). In fact, the PTAB declined to institute Defendants' second IPR petition partly because Defendants had delayed in raising these prior art references at the time they requested joinder with Amazon's IPR. *See Int'l Bus. Machines Corp.*, IPR2016-01851, Paper No. 7, at 9-10. Accordingly, Defendants are statutorily estopped from arguing that the instituted claims of

the '257 patent are anticipated or obvious in light of prior art patents and publications discussed in their invalidity contentions.

Plaintiff further seeks to extend the reach of statutory estoppel in two ways. First, Plaintiff argues that Defendants are estopped from arguing that Claim 4 is obvious or anticipated. The PTAB did not institute IPR as to Claim 4, and the statutory estoppel provision is explicit that estoppel only applies to the *instituted* claims. *See* 35 U.S.C. § 315(e)(2) ("The petitioner in an inter partes review of *a claim* in a patent under this chapter that results in a final written decision . . . may not assert . . . that *the claim* is invalid.") (emphasis added); *see also Synopsys*, 814 F.3d at 1316 ("The validity of claims for which the Board did not institute inter partes review can still be litigated in district court."). Defendants are free to argue the validity of Claim 4, even if they may not ultimately prevail on the issue.[5] *See Amazon*, IPR2016-00021, Paper No. 8, at 31 ("[W]e are not persuaded there is a reasonable likelihood the Petitioner would prevail with respect to claim 4 as unpatentable . . .and we, therefore, deny institution of *inter partes* review of claim 4.").

Second, Plaintiff argues that Defendants are also estopped from arguing that any claims in the '257 patent are obvious or anticipated in light of prior art systems—namely, HydraWEB Load Manager and Network Dispatcher—charted in their invalidity contentions. IPR is limited to invalidity grounds "that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b). Defendants therefore could not have raised prior art systems, such as products and software, during IPR proceedings. *See also Biscotti Inc. v. Microsoft Corp.*, 2017 WL 2526231, at *8 (E.D. Tex. May 11, 2017) ("[The defendant] therefore could not have raised a prior art system during IPR proceedings."). Nonetheless, Plaintiff responds that the "accused infringer cannot avoid statutory estoppel simply

---

[5] Claim 4 is a dependent claim that further limits Claim 1. Defendants may only argue that the additional limitations encompassed by Claim 4 are obvious or anticipated. The PTAB instituted IPR as to Claim 1, and Defendants are thus estopped from arguing that Claim 1 is obvious or anticipated.

7

by relying on a system where all of the teachings of the system also exist in patents or printed publications because that ground reasonably could have been raised during the IPR." (Pl. Br. at 13-14). This argument has been rejected in at least two prior cases, including one from this Court. *See iLife Techs., Inc. v. Nintendo of America, Inc.*, No. 3:13-CV-4987, slip op. at *6 (N.D. Tex. Mar. 1, 2017) (Lynn, C.J.) (estopping a defendant from raising a prior patent that could have been raised during IPR, but allowing the defendant to raise a system encompassed by the patent); *Intellectual Ventures II LLC v. Kemper Corp.*, 2016 WL 7634422, at *3 (E.D. Tex. Nov. 7, 2016) (Gilstrap, C.J.) ("[R]egardless of any estoppel, defendants have considerable latitude in using prior art systems (for example, software) embodying the same patents or printed publications placed before the PTO in IPR proceedings."). Defendants can rely on the prior art systems in their invalidity contentions to argue anticipation or obviousness.

### III.    Motion to Limit Discovery

"Unless the presiding judge otherwise directs, the scope of discovery is not limited to the . . . preliminary invalidity contentions but is governed by the Federal Rules of Civil Procedure." *See* Misc. Order No. 62 ¶ 2-5(a). Under Federal Rule of Civil Procedure 26(b)(1), a party is entitled to obtain discovery regarding any nonprivileged matter that is relevant to its defense and proportional to the needs of the case.

Plaintiff requests that the Court limit the scope of discovery to "non-estopped theories charted in [Defendants'] invalidity contentions." (Pl. Mot. at 17). Plaintiff is particularly concerned with third-party discovery concerning two systems—Nokia's CrytoCluster and Cisco's LocalDirector—which was discussed, but not charted, in Defendants' invalidity contentions. There is "no brightline rule that discovery [be] permanently limited" to prior art specifically charted in a party's invalidity contentions. *Honeywell Int'l Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 655 (E.D. Tex. 2009). Such restriction would be inconsistent with the

8

broad discovery regime created by the Federal Rules of Civil Procedure and the notion that a party may be able to amend its invalidity contentions. *Id.* At the time of service of their invalidity contentions, the record suggests that public information was not sufficiently available for Defendants to determine whether the aforementioned systems could constitute invalidating prior art. Defendants are allowed to use discovery to determine whether there is a valid defense based on those systems. Whether the invalidity contentions can actually be amended to include the systems is a separate issue, which the Court declines to consider now as Defendants have not sought leave to do so in briefing this motion. Furthermore, Plaintiff has shown no prejudice or undue burden or expense associated with the proposed discovery. Regardless of whether Defendants may ultimately be able to rely on the systems as invalidating prior art, information on them is relevant and discoverable.

### IV. Conclusion

For the reasons stated above, the Motion is **GRANTED IN PART** and **DENIED IN PART**. Common law issue preclusion does not bar Defendants' entire invalidity defense. Under 35 U.S.C. 315(e)(2), Defendants are estopped from arguing that instituted claims of the '257 patent are anticipated or obvious in light of prior art patents and publications discussed in their invalidity contentions. Defendants, however, are free to argue the validity of Claim 4, as to which the PTAB did not institute IPR. Defendants can rely on the prior art systems charted in their invalidity contentions to argue anticipation or obviousness. Finally, the Court declines to limit discovery only to the prior art systems charted in Defendants' invalidity contentions.

**SO ORDERED**.

April 4, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE