IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZITOVAULT, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:16-cv-0962-M |
| INTERNATIONAL BUSINESS | § | |
| MACHINES CORPORATION and | § | |
| SOFTLAYER TECHNOLOGIES, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' Motion for Leave to Amend Their Invalidity Contentions. (ECF No. 112). For the reasons stated below, the Motion is **GRANTED**.

### I. Factual and Procedural Background

Plaintiff ZitoVault, LLC sued Defendants International Business Machines Corporation and SoftLayer Technologies, Inc. for infringing U.S. Patent No. 6,484,257 ("the '257 patent"). The patent relates to the "encryption and decryption of data conducted over a distributed computer network." *See* '257 patent at 1:9-12.

In their invalidity contentions, Defendants charted the Network Dispatcher system as a prior art reference. Defendants now seek to amend their contentions for Network Dispatcher to include "newly found source code and user guides," which "allow Defendants to identify with more specificity when certain feature[s] were introduced." (Def. Mot. at 2, ECF No. 112).

### II. Legal Standard

Invalidity contentions can only be amended for good cause. *See* Misc. Order No. 62 ¶ 3-7. To determine whether good cause exists, courts consider four factors: "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding

and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *Summit 6 LLC v. HTC Corp.*, 2014 WL 11514929, at *2 (N.D. Tex. Nov. 16, 2014) (citation omitted); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006) (noting that courts "have understood the good cause requirement in the local patent rules to require a showing that the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence is revealed in discovery").

### III.  Analysis

#### a.  Reasons for the Delay and Whether Defendants have been Diligent

Network Dispatcher is Defendants' own product, and the evidence necessitating this amendment have been in their possession. *See Synopsys Inc. v. Mentor Graphics, Inc.,* 2014 WL 1477917 at *4 (N.D. Cal. Apr. 4, 2014) (denying leave to include the defendant's own product in its invalidity contentions, where the defendant did not attempt to run the product's source code until five months after first serving its contentions). Defendants here, however, provide "a detailed account of [their] difficulties in finding [the] evidence that illustrates how [Network Dispatcher] functioned decade[s] ago." *See Netflix, Inc. v. Rovi Corp.*, 2015 WL 3504969, at *4 (N.D. Cal. June 2, 2015) (allowing a defendant to amend invalidity contentions after discovering materials in its own possession); *Indus. Print Techs., LLC v. O'Neil Data Sys., Inc.*, 2018 WL 398745, at *6 (N.D. Tex. Jan. 11, 2018) (noting that the "documents that prompted the amendments" were "hard to find" as they "were not stored in electronic format [and] were not identified earlier because they had to be retrieved from an archival warehouse in Israel").

By the time Plaintiff filed suit, source code and user guides on Network Dispatcher had been archived in some unknown repository. (Hunt Decl. ¶ 6, Def. App. at 2815-16, ECF No. 112-2). Dr. Guerney Hunt, the lead architect of Network Dispatcher, undertook serious efforts to

find relevant evidence, such as contacting former employees with any connection to Network Dispatcher.[1]  (*Id.* ¶¶ 7-12, Def. App. at 2816-17).  His search ultimately led to the repository containing the evidence, but due to the complexity of restoring decades-old data and other unforeseen circumstances, the evidence was not made available to Defendants until November 3, 2017.[2]  (*Id.* ¶¶ 13-18, Def. App. at 2817-18).  Defendants then served the amended invalidity contentions on December 1, 2017.  (Zivojnovic Decl. ¶ 2, Def. App. at 2810-11).  The record suggests that Defendants were diligent, and this factor weighs in favor of amendment.

### b. Importance of the Amendment

The amendment is important to Defendants' ability to prove that Network Dispatcher is, in fact, anticipatory prior art.  The parties contest the priority date of the '257 patent, and the amended contentions help establish whether the system can be used as a valid reference in Defendants' case.  *Cf. Motio, Inc. v. Avnet, Inc.*, 2015 WL 5952530, at *3 (E.D. Tex. Oct. 13, 2015) ("The Court finds that the Hummingbird reference appears to be exceedingly relevant and may very well be of paramount importance in this matter.").  Allowing the amendment would also assist the parties and the Court by narrowing down and streamlining one of Defendants' invalidity theories.  This factor weighs in favor of amendment.

### c. Prejudice and Availability of a Continuance

The amendment does not add new references or introduce new invalidity theories as to existing references.  For example, Defendants do not chart a feature of Network Dispatcher that was previously unidentified in their invalidity contentions.  The amendment merely provides more information on when previously charted features of Network Dispatcher were introduced,

---

[1] The case was stayed from June 2016 to May 2017.  (ECF Nos. 60, 65).  Defendants were not expected to search for prior art references or conduct discovery during that time.  *See also Netflix*, 2015 WL 3504969, at *4 ("[T]he case was stayed from May 2012 until July 2014, during which time all proceedings were stayed, all deadlines were vacated, and the parties did not (and were not expected to) conduct discovery.").

[2] Plaintiff contends that Dr. Hunt has no personal knowledge of the data extraction process described in his declaration.  (Pl. Resp. at 5, ECF No. 114).  Although Dr. Hunt did not perform the work himself, he personally confirmed the process with people who did.  (Hunt Dep. Tr. at 83:1-85:13, Reply App. at 10, ECF No. 118-2).

thus helping to solidify the system as a valid prior art. *See Guardian Techs., LLC v. Radio Shack Corp.*, WL 11534474, at *3 (N.D. Tex. Aug. 13, 2010) ("[The defendant's] proposed amendment does not drastically reframe the suit by inserting previously undisclosed theories of invalidity."); *Kilopass Tech. Inc. v. Sidense Corp.*, 2012 WL 1901198, at *3 (N.D. Cal. May 24, 2012) (granting the defendant's motion to amend after fact discovery closed where plaintiff sought "only to revise its claim charts to provide invalidity contentions based on previously disclosed and charted prior art references" such that the new contentions did not "substantially depart from the original contentions"). Furthermore, Plaintiff was given an opportunity for fair discovery of the new issues raised. Shortly after Defendants served their amended contentions, Plaintiff deposed Dr. Hunt on Network Dispatcher and the new source code and user guides. Plaintiff has ample time to fully and fairly analyze the new issues. Any prejudice, to the extent that there are any, can be cured by a continuance on deadlines as necessary.

The factors all weigh in favor of amendment, and Defendants have thus demonstrated good cause to amend their invalidity contentions.

## IV. Conclusion

For the reasons stated above, the Motion for Leave is **GRANTED**. Defendants have leave to amend their invalidity contentions on Network Dispatcher.

**SO ORDERED**.

April 4, 2018.

BARBARA M. G. LYNN
CHIEF JUDGE